**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARENCE HICKS,** | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-16-1515 |
| v. | : |
| | : (Judge Caputo) |
| **WARDEN,**[1] | : |
| | : |
| Respondent | : |

**M E M O R A N D U M**

**I.     Introduction**

Petitioner Clarence Hicks filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 26, 2016.  In his Petition Mr. Hicks challenges the Bureau of Prison's' (BOP) determination as to the date of his placement into a Residential Reentry Center (RRC) and claims that decision violates the Second Chance Act of 2007, *see* 18 U.S.C. § 3624.

For the reasons that follow, the Petition will be dismissed due to Mr. Hicks' failure to exhaust his available administrative remedies prior to filing his Petition.

**II.    Standard of Review**

The habeas statute upon which Mr. Hicks relies to challenge the timing of his pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas

---

[1]  Mr. Hicks is presently housed at FCI-Allenwood Low, therefore the Warden of that facility is the proper Respondent in this matter.

jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for a federal inmate to challenge a BOP decision to limit or exclude their placement in an RRC. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005).

### III.   Background

Mr. Hicks was convicted in the United States District Court for the District of Maryland in 1999 of conspiracy to distribute cocaine and cocaine base. *See United States v. Hicks*, Criminal No. ELH-98-0259 (D. Md.). (*See* ECF No. 2.) On June 26, 2016, he sent a letter to the Honorable Ellen L. Hollander, who presently presides over matters related to his criminal case, requesting she make a recommendation pursuant to 18 U.S.C. 3621(b) that he be placed in a RRC for a year. (*Id.*) Judge Hollander construed his letter-request as a petition for writ of habeas corpus and transferred the matter to the Middle District of Pennsylvania as Mr. Hicks is housed at FCI-Allenwood, Pennsylvania. (*Id.*) Mr. Hicks did not object to the transfer of his Petition, and upon request, paid the requisite filing fee. (ECF No. 5.)

Mr. Hicks' present projected release date, via Good Conduct Time Release, is December 31, 2017, and his Home Detention Eligibility Date is June 30, 2017.[2] (ECF No. 8-1,

---

[2] The Court notes that the BOP's website reflects Mr. Hicks' release date as January 23, 2018. *See* https://www.bop.gov/inmateloc/ (last visited November 21, 2016). This change in release date is immaterial to the Court's determination of the issue before the Court.

-2-

pp. 6 and 19.) On May 10, 2016, Mr. Hicks' Unit Team recommended 151 - 180 days in RRC confinement prior to his release. (*Id.*, p. 19.) On May 23, 2016, the BOP, "[p]ursuant to the Second Chance Act" formally recommended 151 - 180 days RRC placement for Mr. Hicks. The BOP found "this recommendation is in accordance with the decision based on Woodall vs. Federal Bureau of Prisons and the criteria set forth in Program Statement 7310.04." (*Id.*, pp. 20-21.)[3]

On May 11, 2016, Mr. Hicks informally sought reconsideration of his Unit Team's RRC recommendation. (ECF No. 1, pp. 3 - 4.) His request was denied the next day. (*Id.*) On May 17, 2016, he filed a Request for Administrative Remedy with the Warden seeking reconsideration of the Unit Team's decision. (*Id.*, pp. 6 - 7.) The Warden denied his request on June 2, 2016. (*Id.*, p. 8.) In so doing, she stated the following:

> A review of your case reveals you are serving a 262-month term of confinement for Conspiracy to Distribute a Mixture Containing Cocaine and Cocaine Base. Institutional records indicate your adjustment to the correctional environment while incarcerated has been average. During your period of confinement, you have incurred incident reports for Possession of a Hazardous Tool (Cell Phone), Possession of a Weapon, Disruptive Conduct Most Like Offering a Bribe to a Staff Member, Making a Sexual Proposal to a Staff Member, Disruptive Conduct Most Like Threatening, Destruction of Government Property Over $100, Phone Abuse, Refusing to Obey an Order, and Insolence. During this same period of time, you have obtained your General Equivalency Diploma and have completed payment of your court ordered financial obligations; however, you have participated in only limited self-benefitting pre-release programming courses.

---

[3] In 2006, the BOP began referring to "Community Corrections Centers" or CCCs as "Residential Reentry Centers" or RRCs, a term the Court will use in this opinion.

> Based on the individual evaluation of your case, the recommendation made by the Unit Team of 151 - 180 days is appropriate in your case and was made in accordance with Program Statement 7310.04, Community Corrections Center criteria, and Woodall vs. the Bureau of Prisons.

(*Id*., p. 8.)  He appealed the Warden's response to the Regional Director on June 15, 2016. (*Id*., pp. 9 - 10.)  This appeal was denied on July 20, 2016.  (ECF No. 8-1, p.11.)  Mr. Hicks then filed an appeal to Central Office.  (ECF No. 9, p. 2.)  Mr. Hicks admits that Central Office had until October 1, 2016, to file a response to his appeal of the Regional Director's decision. (*Id*.).

On November 1, 2016, Mr. Hicks again wrote to the Honorable Judge Hollander concerning the BOP's response to his habeas petition.  He noted that "the U.S. Attorney, the Warden requested the District Court to Deny the motion (his present Petition) on the basis that [he] didn't complete [the] Administrative Remedy Process.  That was true.  At the time you sent the case to the District Court, the Region responded thereby denying the appeal."  (ECF No. 11, p. 2.)

**IV.   Discussion**

Respondent maintains that the Petition should be dismissed for failure to exhaust administrative remedies.  The Court agrees.

It is well-settled that in order to obtain federal habeas relief under 28 U.S.C. § 2241, a federal prisoner must have first exhausted the BOP's administrative remedies.  *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required for the

following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.*, 98 F.3d at 761 - 62.  Federal inmates seeking habeas relief challenging a BOP decision to limit their RRC placement must first exhaust their administrative remedies *prior* to filing their petition.  *Vasquez v. Strada*, 684 F.3d 431, 433 - 34 (3d Cir. 2012).

The BOP's three-tiered administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any compliant that relates to any aspect of the inmate's confinement.  Under this process, inmates are encouraged to first attempt resolution of their complaints informally with staff.  *Id*. at § 542.13(a).  A record of that attempt is signed by the inmate and a staff member.  *Id*.  If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred.  *Id*. at § 542.14(a).  If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director within 20 days of the date of the Warden's response.  *Id*. at § 542.15(a).  If the inmate is dissatisfied with the Regional Director's response, he or she may file an appeal to the BOP's Central Office in Washington, D.C. within thirty days of the date of the Regional Director's response.  *Id*. at § 542.15.  The Regional Director has thirty calendar days to respond and the General Counsel (Central Office) has forty calendar days to address the inmate's concern. *Id*. at § 542.18.  The Regional Director may extend the deadline for response by thirty days,

and the General Counsel may extend by twenty days. *Id*. at § 542.18. When a response is not provided within the allotted time proscribed in federal regulations, including extension, the inmate may consider the absence of a response to be a denial at that level. *Id*. at § 542.18. Under these procedures, no administrative remedy appeal is considered to have been fully exhausted until decided by the Central Office. *Id*., § 541 *et seq.*

In the instant case, Mr. Hicks admits that he did not exhaust his administrative remedies prior to initiating this lawsuit. (ECF No. 11, p. 2.) He argues that he never initiated the habeas petition but rather Judge Hollander did when she construed his correspondence as a habeas petition challenging the execution of his sentence and transferred the matter to this Court. (ECF No. 9, p. 1.) While this may be true, Mr. Hicks still had control over whether his Petition would move forward or dismissed by this Court without prejudice prior to service of the Petition. Judge Hollander noted that because Mr. Hicks "may not have anticipated his correspondence to be construed as a Petition ... this court makes no finding with regard to the requirement that he complete an in forma pauperis motion and affidavit or pay the $5.00 filing fee." (ECF No. 2, p. 2, n. 2.) On August 2, 2016, the Clerk of Court for this Court sent Mr. Hicks an order advising him to submit the appropriate *in forma pauperis* paperwork, or the $5.00 filing fee, otherwise his case would be dismissed without prejudice. (ECF No. 5.) On August 23, 2016, the Court received $5.00 from Mr. Hicks. Had Mr. Hicks sought not to proceed with this matter, he need only advise the Court or fail to submit the filing fee or requisite *in forma pauperis* forms. Mr. Hicks does not dispute Respondent's claim that a response to his appeal to Central Office was not due until October 1, 2016. (ECF No. 8, p. 8

and ECF No. 8-1, p. 12.)  Clearly Mr. Hicks had not exhausted his administrative remedies when he sent his letter June 26, 2016-letter to Judge Hollander, or when he filed his September 23, 2016-Reply to the Respondent's Response to the Petition.  (ECF Nos. 1 and 9.)  As such, Mr. Hicks' Petition for Writ of Habeas Corpus challenging the BOP's decision concerning his RRC placement will be dismissed for failure to exhaust administrative remedies.

    The Court will issue an appropriate order.

                            **/s/ A. Richard Caputo**
                            **A. RICHARD CAPUTO**
                            **United States District Judge**

**Date:  December 1, 2016**